# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-116V
(not to be published)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| SARAH AMMONS, *as mother and* | * | |
| *natural guardian of minor,* D.A.*, and* | * | |
| KRISTOPHER AMMONS, *as father and* | * | |
| *natural guardian of minor*, D.A., | * | Special Master Corcoran |
| | * | |
| Petitioners, | * | Filed: July 9, 2018 |
| | * | |
| v. | * | |
| | * | Decision by Stipulation; Damages; |
| SECRETARY OF HEALTH | * | Varicella Vaccine; Tetanus- |
| AND HUMAN SERVICES, | * | diphtheria-pertussis ("TDaP") Vaccine; |
| | * | Measles-mumps-rubella ("MMR") Vaccine. |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Jeffrey S. Pop*, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner.

*Ryan Daniel Pyles*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On January 27, 2016, Sarah and Kristopher Ammons filed a petition on behalf of D.A., their deceased minor child, seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioners allege that D.A. suffered from febrile

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

seizures that led to positioned asphyxia and death, as a result of his July 11, 2014 childhood vaccinations (including Varicella, Tetanus-diphtheria-pertussis, and Measles-mumps-rubella).

Respondent denies that the vaccinations listed above caused D.A.'s seizures or his death. Nonetheless both parties, while maintaining their above-stated positions, agreed in a stipulation (filed on July 9, 2018) that the issues before them could be settled, and that a decision should be entered awarding Petitioners compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

- A lump sum of $60,000.00, in the form of a check payable to Petitioners.

Stipulation ¶ 8. This amount represents compensation for all damages that would be available under Section 15(a) of the Act.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioners. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| SARAH AMMONS, as mother and natural guardian of minor, D.A., and KRISTOPHER AMMONS, as father and natural guardian of minor, D.A.,<br><br>　　　　　　　　Petitioners,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | No. 16-116V<br>Special Master Brian H. Corcoran<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of the Estate of D.A., Sarah Ammons and Kristopher Ammons (petitioners) filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for an injury resulting in death allegedly related to D.A.'s receipt of the varicella, measles-mumps-rubella (MMR), and/or diphtheria-tetanus-acellular pertussis (DTaP) vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. D.A. received the varicella, MMR, and DTaP vaccines on or about July 11, 2014.

3. The vaccines were administered within the United States.

4. Petitioners allege that the varicella, MMR, and/or DTaP vaccines, either singly or in combination, caused D.A. an injury that either caused or significantly contributed to his death on July 12, 2014.

1

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of the Estate of D.A., as a result of D.A.'s alleged injury and/or death.

6. Respondent denies that the varicella, MMR, and/or DTaP immunizations, either singly or in combination, caused or significantly aggravated D.A.'s alleged injury and/or any other injuries. Respondent further denies that varicella, MMR, and/or DTaP immunizations, either singly or in combination, contributed to, or resulted in, D.A.'s death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $60,000.00 in the form of a check payable to petitioners, as legal representatives of the Estate of D.A. This amount represents all compensation for damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioners and their attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies,

Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as legal representatives of the Estate of D.A., under the laws of the State of Tennessee.

13. In return for the payments described in paragraphs 8 and 9, petitioners, in their individual capacities and as legal representatives of the Estate of D.A., on behalf of themselves, the Estate, and D.A.'s heirs, executors, administrators, successors and/or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of D.A. resulting from, or alleged to have resulted from, the varicella, MMR, and/or DTaP vaccines administered on or about July 11, 2014, as alleged by petitioners in a petition for vaccine compensation filed on or about January 27, 2016, in the United States Court of Federal Claims as petition No. 16-116V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a

decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the varicella, MMR, and/or DTaP immunizations, either singly or in combination, caused or significantly aggravated D.A.'s alleged injury and/or any other injury or his death; or that D.A.'s death occurred as a result of a vaccine-related injury.

17. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representative(s) of the Estate of D.A.

END OF STIPULATION

/
/
/
/
/
/.
/
/
/
/
/
/

Respectfully submitted,

**PETITIONERS:**

_[signature]_
SARAH AMMONS

_[signature]_
KRISTOPHER AMMONS

**ATTORNEY OF RECORD FOR PETITIONERS:**

_[signature]_
JEFFREY S. POP
JEFFREY S. POP & ASSOCIATES
9150 Wilshire Blvd., Ste. 241
Beverly Hills, CA 90212
(310) 273-5462

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

_[signature]_
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

_Ward Sorensen for_
NARAYAN NAIR, M.D.
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

_[signature]_
RYAN D. PYLES
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-9847

Dated: July 9, 2018